appellant pay $393.48, in stated installments, the amount due from a defunct corporation of which he was an officer, to the City of New York under its general business and financial tax levy. On this appeal, appellant contends that the conditional suspension of sentence with respect to imprisonment was in excess of the court's power. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Hallinan and Kleinfeld, JJ. Murphy, J., deceased.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GEORGE OCHS, True Name GEORGE W. OCHS, Appellant.— Appeal from a judgment of the County Court, Nassau County, rendered June 14, 1957, sentencing appellant, after he had been found guilty by a jury of burglary in the third degree and grand larceny in the second degree, to serve concurrent sentences of from 7 to 10 years on each count. Judgment reversed on the law and the facts, and a new trial ordered. The failure of the Trial Judge, though apparently inadvertent, to comply with the jury's request, made during their deliberations, that he define what constituted reasonable doubt, was prejudicial to appellant's substantial rights and requires reversal. (People v. Miller, 6 N Y 2d 152.) Since there is to be a new trial, we consider it advisable to state that in our opinion it was also error to receive in evidence certain burning equipment found in a car which appellant "was using" at some unspecified time, which equipment was not identified as having been used in the commission of the crimes charged against appellant, and to receive in evidence a photograph from the police files, attached to a statement signed by a witness, one Miller. (See People v. Infantino, 224 App. Div. 193, 195, 196; People v. Lupo, 280 App. Div. 836, affd. 305 N. Y. 762; People v. Hagedorny, 272 App. Div. 830.) Nolan, P. J., Hallinan and Kleinfeld, JJ., concur; Murphy, J., deceased. Beldock, J., dissents and votes to affirm, with the following memorandum: In my opinion, there was no serious prejudice to appellant's rights by the failure to recharge as to reasonable doubt, in view of appellant's clear guilt and the fact that the jury said they did not want anything further. I agree that there was error in the admission of the burning equipment, but would affirm under section 542 of the Code of Criminal Procedure.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD TOWE, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Kings County, rendered March 18, 1959, sentencing appellant to serve six months after he had been found guilty by the court of unlawful entry. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Hallinan and Kleinfeld, JJ. Murphy, J., deceased.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND WHITFIELD, Appellant.— Appeal from a judgment of the Court of Special Sessions of the City of New York, Kings County, rendered March 18, 1959, sentencing appellant to serve six months after he had been found guilty by the court of unlawful entry. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Beldock, Hallinan and Kleinfeld, JJ. Murphy, J., deceased.

■ HERMINE REISS et al., Respondents, v. JACOB KLEIN et al., Appellants. — In an action to recover damages for personal injuries, and for medical expenses and loss of services, the appeal is from a judgment entered on a jury's verdict in favor of respondents. Respondent Hermine Reiss, then an infant, was injured while a guest in appellants' motor vehicle which collided with another motor vehicle in the State of Massachusetts. Judgment affirmed, with costs. Under established decisions of the State of Massachusetts, a guest may recover from his host only upon proof of gross negligence. (Lefeave