■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANTHONY DE FALCO, Appellant, v. J. EDWIN LA VALLEE, as Warden of Clinton Prison, Respondent.— Appeal from an order of County Court, Clinton County which denied an application for a writ of habeas corpus. Relator pleaded guilty in 1956 in Kings County Court to an attempt to carry a dangerous weapon, which, if carried, would be a felony. On return of a writ of habeas corpus from his resulting imprisonment in Clinton Prison he argues that such an offense is not a felony and, in effect, that there can be no " attempt" to carry a weapon; that the only crime is the accomplished result. Such an attempt seems to fall literally, however, within the definitions in section 610 of the Penal Law. Even if this might be debatable, it is not open in this proceeding. The question on habeas corpus is the jurisdiction of the court to impose sentence. If it had jurisdiction, subsidiary questions of law are not ordinarily available at habeas corpus; but must be pursued by a motion in the court imposing sentence or by other relief in that court. Order unanimously affirmed, without costs.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LA VERNE A. WEIRES, JR., Appellant.— Defendant appeals from an order of the Otsego County Court which denied, without a hearing, his application for a writ of error *coram nobis*. Defendant is now serving a sentence imposed in Cortland County Court on February 16, 1959, as a second felony offender. Defendant attacks the prior conviction used as a basis for the second offender sentence on the ground that his assigned attorney entered a plea of guilty to grand larceny, first degree, for him in the Otsego County Court. The clerk's minutes and the stenographic record of defendant's arraignment in the Otsego County Court clearly show that the plea of guilty was entered in open court with the defendant and his counsel present. A plea of guilty made by counsel under such circumstances is a compliance with statutory requirements. (*People v. Sadness*, 300 N. Y. 69.) Order unanimously affirmed.