■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAURA IDLETT, Appellant.—Judgment of the Supreme Court, Kings County, rendered May 9, 1975, reversed, on the law and as a matter of discretion in the interest of justice, and defendant's plea of "not guilty" reinstated. In view of the statements made by the trial court and the defendant, which indicated that defendant may not have been guilty of the crime to which she pleaded guilty, that plea should not have been accepted. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PHILIP E. MANDELL, Also Known as PHILLIP E. MANDELL, Respondent.—Appeal by the People from an order of the County Court, Suffolk County, dated May 28, 1975, which, after a hearing, granted defendant's motion pursuant to CPL 330.30 (subd 2) to set aside a jury verdict of guilty of grand larceny in the second degree (Penal Law, § 155.35). Order affirmed. At the end of the trial it became necessary to sequester the jury overnight. The clerk of the trial court reconvened the jury prior to 9:30 A.M. the next morning, contrary to the court's instructions. The jury, at the beginning of its deliverations, requested a rereading of the charge concerning "reasonable doubt", in a note to the Trial Judge. The clerk, again contrary to instructions, opened the note and permitted the jury to continue its deliberations until its request could be satisfied. Approximately 15 minutes later, the jury sent a second note, this time informing the court that it had reached a verdict and no longer desired a rereading of the "reasonable doubt" charge. The guilty verdict which followed was rendered without the judge or counsel being informed of the existence of either note. The failure to comply with the jury's initial request, although inadvertent, was prejudicial to defendant's substantial rights. It was not an abuse of discretion to set aside the verdict pursuant to CPL 330.30 (subd 2) (see *People v Ochs,* 9 AD2d 792). Martuscello, Acting P. J., Latham, Margett, Damiani and Christ, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY ORR, Appellant.—Louis J. Lefkowitz, Attorney-General, Intervenor-Respondent.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 26, 1975, convicting him of criminal sale of a controlled substance in the third degree, upon a plea of guilty, and sentencing him to an indeterminate term of imprisonment with a maximum of life and a minimum of one year. Judgment modified, as a matter of discretion in the interest of justice, by vacating the sentence, and case remitted to Criminal Term for resentence. As so modified, judgment affirmed. In the interest of justice, defendant is entitled to be resentenced under section 60.08 of the Penal Law. Martuscello, Acting P. J., Cohalan, Rabin, Shapiro and Titone, JJ., concur.