■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS STONE, Appellant.—Appeals by defendant from two judgments of the Supreme Court, Kings County, both rendered March 12, 1975, (1) the first convicting him of criminal possession of stolen property in the second degree, after a nonjury trial, and imposing sentence, and (2) the second convicting him of attempted burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment rendered upon the conviction of criminal possession of stolen property in the second degree affirmed. Judgment rendered upon the conviction of attempted burglary in the third degree reversed, on the law and as a matter of discretion in the interest of justice, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. The conviction of criminal possession of stolen property is supported by proof beyond a reasonable doubt (see *People v Reisman,* 29 NY2d 278, cert den 405 US 1041; *People v Colon,* 28 NY2d 1, cert den 402 US 905; *People v Peters,* 43 AD2d 599). When defendant appeared for sentencing on his conviction of criminal possession of stolen property in the second degree, he offered to withdraw his plea of not guilty under Indictment No. 2613/74, which charged him with burglary in the third degree, petit larceny and criminal possession of stolen property in the third degree, and to plead guilty to *attempted burglary* in the third degree

in satisfaction thereof. After a brief catechism, in which defendant was advised of his rights to a jury trial, etc., the court inquired as to whether defendant desired to waive those rights and plead guilty to attempted burglary in the third degree. Defendant answered in the affirmative, whereupon the following colloquy ensued: THE COURT: Tell me what happened on the day in question? DEFENDANT STONE: When this incident occurred on May 16, 1974, we tried to remove a refrigerator in front of the project and put it in a cab. THE COURT: You knew the refrigerator was from the project? DEFENDANT STONE: I don't know where it was from. THE COURT: The refrigerator was outside the door and they were putting it into a cab? MR. FAHN [Assistant District Attorney]: It belonged to the project. THE COURT: Did you have any permission from anybody to take it? DEFENDANT STONE: No, I didn't." Without further inquiry, the court accepted the plea and imposed sentence. The facts stated, of course, make out a larceny, at best. The court erred in accepting the plea under those circumstances. It is well established that: "where, as is the usual case today, the trial court, before accepting the plea of guilty, properly inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word 'guilty' may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one. * * * Of course, once * * * advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty, perhaps to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment, and such a plea could be accepted by the court. The fact remains, however, that, before accepting a plea of guilt[y] where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing" (People v Serrano, 15 NY2d 304, 308, 310; see, also, People v Francis, 38 NY2d 150, 153; People v Idlett, 51 AD2d 752; cf. People v Clairborne, 29 NY2d 950). Manifestly, no such cautionary effort was made herein. Latham, Acting P. J., Cohalan, Damiani, Shapiro and Titone, JJ., concur.