■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. CULLEN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 15, 1976, convicting him of attempted robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. Defendant was charged in the instant indictment with the crimes of burglary in the first degree, robbery in the first degree, criminal possession of a weapon in the third degree and criminal possession of stolen property in the second degree. On August 13, 1976 he appeared before Criminal Term and pleaded "guilty" to being a predicate felony offender. Thereupon defendant's counsel stated that her client was prepared to withdraw his not guilty plea and to plead guilty to the crime of attempted robbery in the first degree in full satisfaction of all counts in the indictment. The first count of the indictment charged the defendant with the crime of burglary in the first degree committed as follows: "The defendant above named, on or about March 25th, 1976, in the night-time, in the County of Queens, knowingly entered and remained unlawfully in the dwelling of SUSAN BRADY with intent to commit a crime therein, and in effecting entry and while in the dwelling and in immediate flight therefrom, used and threatened the immediate use of a dangerous instrument, to wit, a knife." The second count of the indictment charged the defendant with the crime of robbery in the first degree committed as follows: "The defendant, aforenamed, on or about March 25th, 1976 in the County of Queens, did *forcibly steal certain property from* WILLIAM BRADY to wit, a quantity of United States Currency, a quantity of Credit cards, a locket pendant and in the course of the commission of the crime and of the immediate flight therefrom *used and threatened the immediate use of a dangerous instrument,* to wit, a knife" (emphasis supplied). This count was based on section 160.15 of the Penal Law, which provides, in part, as follows: "160.15 Robbery in the first degree. A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: * * * 3. Uses or threatens the immediate use of a dangerous instrument". Criminal Term's initial attempt to take defendant's plea was aborted because defendant claimed he had been intoxicated "on alcohol and barbiturates" at the time of the commission of the crime, whereupon the court stated: "Miss Reda [defendant's attorney], in view of these allegations that the defendant doesn't remember getting there, how he entered, how long he was there or what he did inside I cannot accept this plea." The following colloquy then ensued: "MISS REDA: Your Honor, if I may ask him some questions for the record? THE COURT: Sure. BY MISS REDA: Q Mr. Cullen, do you recollect being in the house at that time? A Yes, sir. BY THE COURT: Q Do you recollect meeting anyone in the house? A Yes. Q Who do you recollect meeting? A The complainant's son. Q Son? A Yes, sir. BY MISS REDA: Q What occurred when you met him? He was arguing with you? A He asked me to leave the house. We was arguing back and forth. BY THE COURT: Q Did you know him? A No, sir. Q And what happened? You tell me what happened inside that house? A I was inside the house taking valua-

bles. Q What? A Record player, jewelry and credit cards. Q Were the lights on or off when you were in the house? A On. Q You put them on? A No, sir. Q Go ahead, tell me what happened. A I took a knife off the kitchen wall and cut the stereo wire so I could take it out of the house. Q Out of the wall you say? A Yes. It was hanging on the wall, and I was in the process of doing that when the police officers came in the house and arrested me. Q You remember all that? A Yes, sir." After some discussion among the court, the Assistant District Attorney and defense counsel, the defendant was asked whether he was "satisfied and at ease with this plea that's being offered", and he replied in the affirmative. No further questions were directed to the defendant; the court ruled: "In view of the recommendation of the district attorney, the statements made by both Mr. Cullen and his attorney, Miss Reda, and the entire record as stated the plea is accepted." The defendant's statement to the court plainly indicates that he used the knife to "cut the stereo wire so I could take it out of the house." While defendant admitted possessing a kitchen knife, there was no statement to the court indicating that (1) there was any forcible taking of property from the victim or (2) that the defendant used or threatened the immediate use of a dangerous instrument within the meaning of section 160.15 of the Penal Law. What was recently stated by this court in *People v Stone* (54 AD2d 918, 919) is applicable here: "The facts stated, of course, make out a larceny, at best. The court erred in accepting the plea under those circumstances. It is well established that: 'where, as is the usual case today, the trial court, before accepting the plea of guilty, properly inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word "guilty" may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one. * * * Of course, once * * * advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty, perhaps to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment, and such a plea could be accepted by the court. The fact remains, however, and that, before accepting a plea of guilt[y] where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing' *(People v Serrano,* 15 NY2d 304, 308, 310; see, also, *People v Francis,* 38 NY2d 150, 153; *People v Idlett,* 51 AD2d 752; cf. *People v Clairborne,* 29 NY2d 950). Manifestly, no such cautionary effort was made herein." Hopkins, J. P., Margett, Damiani and Rabin, JJ., concur.