■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAMAR BROACH, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 11, 1978, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated and case remitted to Criminal Term for further proceedings in accordance herewith. Defendant was indicted for the crimes of burglary in the third degree, attempted grand larceny in the third degree, attempted assault in the second degree, criminal mischief in the fourth degree and possession of burglar's tools, which charges arose out of his activities on the evening of July 13, 1977, the date of our most recent city-wide blackout. Subsequently, on March 7, 1978, defendant appeared before Criminal Term and offered to plead guilty to the highest count of the indictment in satisfaction thereof, whereupon the court embarked upon a brief colloquy in order to establish a factual basis for the plea. As it developed, however, the defendant would only admit that he had "attempted" to reach inside a building through a broken window in order to steal a typewriter and a calculator, which admissions did not establish the charge to which he was pleading. Nevertheless, the court accepted the plea without further inquiry. At most, defendant's statements during the allocution established an attempted burglary, rather than the completed burglary (in the third degree) to which he was pleading. Accordingly, the court should not have accepted his plea without further inquiry (see People v Cullen, 57 AD2d 903; People v Stone, 54 AD2d 918). "Where, as is the usual case today, the trial court, before accepting the plea of guilty, properly inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word 'guilty' may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one * * * Of course, once * * * advised that his version of the crime is not consistent with the charge to which he is pleading, a defendant might still wish to plead guilty, perhaps to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment, and such a plea could be accepted by the court. The fact remains, however, that, before accepting a plea of guilt[y] where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing" (People v Serrano, 15 NY2d 304, 308, 310; see, also, People v Francis, 38 NY2d 150, 153; People v Idlett, 51 AD2d 752; cf. People v Clairborne, 29 NY2d 950). Manifestly, no such cautionary effort was made in the instant case. Hopkins, J. P., Titone, Mangano and Gulotta, JJ., concur.