■　　THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS DANIELS, Appellant.—Appeal by defendant from a judgment of the County Court, Orange County, rendered November 22, 1976, convicting him of attempted burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, plea vacated, and case remitted to the County Court for further proceedings consistent herewith. Defendant and codefendant were charged with burglary in the third degree, and petit larceny for stealing bottles of liquor from the premises of a bar in Middletown, Orange County, on May 5, 1976. On September 29, 1976, the day after the County Court denied defendant's motion, after hearing, to suppress the bottles of liquor allegedly taken from the bar, defendant expressed a willingness before the court to plead guilty to attempted burglary in the third degree, in satisfaction of the indictment. During the change of plea proceeding, the following colloquy took place between the court and defendant: MR. DANIELS [defendant]: I would like to make a statement for the record. THE COURT: Go ahead. MR. DANIELS: The night of the alleged crime, now *I knew that a crime was taking place but I didn't know where it was going to take place and I did agree that night whatever was stolen that I would buy half. I did agree to that point, but as far as taking part and going into the bar and actually taking out the merchandise, I had no part of it.* THE COURT: *But you say that you have participated, you conspired.* MR. DANIELS: Yes, Your Honor. THE COURT: You were outside as a lookout receiving with them. MR. DANIELS: *No, I was not in the area at the time.* THE COURT: But you had received. You had planned this. MR. DANIELS: No, Your Honor. THE COURT: From the Suppression hearing I find there is no reasonable doubt *that you are not guilty* of this crime. I think you were guilty from the facts that I have heard here under the suppression and you were part of that crime. MR. DANIELS: Yes, Your Honor. THE COURT: You admit it, is that correct?

MR. DANIELS: Yes, Your Honor. THE COURT: And you did receive—MR. DANIELS: *I received the stolen goods.* THE COURT: Stolen goods. And you have told the Court here in your opinion that you are guilty of this crime. MR. DANIELS: Yes, Your Honor. * * * THE COURT: Okay. Now, I am going to ask you, Thomas Daniels, how do you plead to attempted burglary in the third degree, a Class E felony, as reduced under the first count of 93-76 and to cover that indictment plus that outstanding misdemeanor? MR. DANIELS: Guilty. THE COURT: That plea will be accepted by the Court on the recommendations of the District Attorney and the reasons set forth to this Court." (Emphasis supplied.) It is manifestly evident from the colloquy, that the facts stated make out, at best, the crime of receiving stolen property, a crime which was not charged in the indictment and which is not a lesser included count either of burglary or petit larceny. The court erred in accepting the plea under those circumstances. Where a court, before accepting a plea of guilty, inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word "guilty" may not be relied upon to establish all the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital, and, if the circumstances of the commission of the crime, as related by the defendant, do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea. Where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing (*People v Cullen,* 57 AD2d 903, 904; *People v Stone,* 54 AD2d 918, 919). Mollen, P. J., Titone, Cohalan, Margett and O'Connor, JJ., concur.