THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. BELLIS, SR., Appellant. — Judgment insofar as it convicts defendant of rape, first degree, unanimously reversed and plea vacated, and matter remitted to Ontario County Court for further proceedings on that charge, and otherwise judgment affirmed. Memorandum: Defendant was charged with one count of rape in the first degree, two counts of sodomy in the first degree and two counts of sexual abuse in the first degree. Defendant's counsel in open court in the defendant's presence asked that the defendant's not guilty plea be changed to a plea of guilty. After a brief catechism, in which defendant was advised of his right to a jury trial, the court inquired as to whether defendant desired to waive that right and plead guilty to the charges, to which defendant answered in the affirmative. When asked whether he had sexual intercourse with his daughter, the victim, defendant expressly denied engaging in sexual intercourse and stated that he had not entered her and that she was still a virgin. Defendant did admit to the acts of sodomy and sexual abuse charged. The fact that defendant did not actually say "Guilty" does not invalidate a plea of guilty. Acceptance of defendant's plea of guilt, through counsel in open court and in defendant's presence, is proper *(People v Sadness,* 300 NY 69, cert den 338 US 952; *People v McGuire,* 13 AD2d 794, cert den 368 US 866; *People v Weires,* 12 AD2d 679, affd 10 NY2d 1017, cert den 370 US 954). However, before accepting a plea of guilty, where defendant's statements do not establish the crime to which he is pleading, the court should take all precautions to assure that defendant is aware of what he is doing *(People v Serrano,* 15 NY2d 304, 308-310; *People v Broach,* 72 AD2d 748; *People v Cullen,* 57 AD2d 903, 904; *People v Stone,* 54 AD2d 918, 919). Defendant did not admit to penetration which is an essential element of rape. The court should have advised defendant that his admissions were not consistent with the charge of rape and inquired further whether defendant nevertheless wished to plead guilty to avoid the risk of a jury verdict (see *North Carolina v Alford,* 400 US 25). Consequently, the court improperly accepted defendant's plea of guilty to the rape charge. However, defendant's guilty plea was validly accepted on the other

charges. (Appeal from judgment of Ontario County Court — rape, first degree, and other charges.) Present — Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.