■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO CEPEDA, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Brennan, J.), rendered March 11, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. Defendant and codefendant Anthony Them were jointly charged with robbery in the first degree, burglary in the second degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the second degree. The charges stemmed from their allegedly forcible stealing of jewelry from occupants of an apartment, by the use and threatened use of two knives. On January 9, 1980 both defendant and codefendant Them pleaded guilty to robbery in the first degree in satisfaction of the indictment. During the change of plea proceeding, the court engaged in the following colloquy with both defendants: "THE COURT: While you were in that apartment did the people return to the premises? DEFENDANT CEPEDA: Yes (In English). THE COURT: *While you were in the apartment and* they came in, did one of you show them a knife and then leave? DEFENDANT THEM: No Sir. THE COURT: Did one of you have a weapon? DEFENDANT THEM: *I had a weapon but I had it in my pocket.* THE COURT: *What did you take?* DEFENDANT THEM: *Pocketbook and jewelry.* THE COURT: *Did you lock the people in the apartment?* DEFENDANT THEM: *They came in, we were in the bedroom. They came in, we just ran out.* THE COURT: *Who had the knife?* DEFENDANT THEM: *I did.*" (Emphasis supplied.) First, under the circumstances, the factual admissions made by codefendant Them during the above-quoted colloquy were not in any way binding upon the defendant. Defendant's participation in the colloquy consisted of the answer "Yes" to a question by the court as to whether the "people" (occupants) had returned to the apartment. Such minimal participation is insufficient to sustain a finding that defendant knowingly and voluntarily entered a plea of guilty to the crime of robbery in the first degree. Second, assuming that Them's admissions were binding upon defendant, nevertheless it is manifestly evident from the colloquy, that the facts stated by Them, make

out, at best, the crime of burglary. Thus the trial court also erred in accepting the plea under such circumstances. Where a court, before accepting a plea of guilty, inquires of the defendant as to the circumstances and details of the crime to which he is admitting his guilt, the mere mouthing of the word "guilty" may not be relied upon to establish all of the elements of that crime. In such case, the requisite elements should appear from the defendant's own recital, and, if the circumstances of the commission of the crime, as related by the defendant, do not clearly spell out the crime to which the plea is offered, then the court should not proceed, without further inquiry, to accept the guilty plea. Where the defendant's story does not square with the crime to which he is pleading, the court should take all precautions to assure that the defendant is aware of what he is doing. (*People v Cullen,* 57 AD2d 903, 904; *People v Stone,* 54 AD2d 918, 919; *People v Daniels,* 75 AD2d 605, 606.) Mollen, P. J., Damiani, Titone and Bracken, JJ., concur.