OPINION OF THE COURT
Daniel F. McMahon, J.
The defendant is charged in a three-count indictment with the crimes of attempted robbery in the first degree, burglary in the second degree and criminal possession of a weapon in the third degree, all alleged to have been committed on July 21, 1982 at a Mobil gas station, located on the Saw Mill River Parkway near Tompkins Avenue in the City of Yonkers.
More particularly, the evidence showed that at about 4:40 p.m., the only attendant on duty at the station was a 16 year old, John McDonald. He was seated on a wall near a gas pump on the southwest corner of the property. He observed the defendant jogging from the northwest corner of the property into the station office. The defendant had a cloth mask covering his face and his right hand clenched on a kitchen knife. He did not see the attendant. The complaining witness, John McDonald, then approached the entrance of the office and observed the defendant therein. He had switched the knife to his left hand and was rifling through desk drawers which contained money belonging to McDonald. The defendant was observed to have had money *165 in his right hand. McDonald then rushed over to a police officer who was coincidentally parked in a patrol car on the south side of the station building observing traffic. The police officer immediately went to the office, drew his gun and arrested the defendant.
The defendant sought a trial order of dismissal on each of the three counts. The court denied the motions with respect to counts 2 and 3, but has carefully considered the motion with respect to the first count charging attempted robbery in the first degree and finds a significant issue presented. The defense argues that the crime of robbery in the first degree requires either violence or the threat to use violence or physical force against a victim. He further argues that the complaining witness was not in the office nor was any other individual. Since the crime of robbery could not be committed, the attempt could not be committed.
The Assistant District Attorney countered by relying on section 110.10 of the Penal Law, which, reads as follows: “If the conduct in which a person engages otherwise constitutes an attempt to commit a crime * * * it is no defense to a prosecution for such attempt that the crime charged to have been attempted was, under the attendant circumstances, factually or legally impossible of commission, if such crime could have been committed had the attendant circumstances been as such person believed them to be.”
The law relating to the crime of attempt has gone through considerable evolution. Under common law, impossibility of the completed crime was for most purposes a defense to the charge of attempt to commit a crime.
Thereafter, a distinction was made between factual impossibility (an attempt to pick a pocket which was in fact empty) (People v Moran, 123 NY 254) and legal impossibility (receiving stolen property which in fact was not stolen) (People v Jaffe, 185 NY 497). The provisions of section 110.10 of the Penal Law changed the distinction and rejects both types of impossibility of performance as a defense upon the theory that neither detracts from the culpability of the defendant. (See People v Trepanier, 84 AD2d 374.) Section 2 of the former Penal Law which was in effect until September 1, 1967, defined an attempt to commit a crime as: “[a]n act, done with intent to commit a crime, and *166 tending but failing to effect its commission, is ‘an attempt to commit that crime’ Our present Penal Law (§ 110.00) defines an attempt as follows: “A person is guilty of an attempt to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime.”
Under the old law, it was necessary in order to be found guilty of an attempt to commit a crime to “ ‘carry the project forward within dangerous proximity to the criminal end to be attained’ ” (People v Ditchik, 288 NY 95, 96). Thus, the distinction between the two definitions (the old and the new) are the words tending “but failing”, which words have been omitted in the new definition.
The evolution of the law of attempt based on impossibility to complete the substantive crime has continuously narrowed the defense available to the defendant. However, this court finds the mere showing of an intent to commit a crime coupled with some act, or acts, in furtherance of the intent, does not necessarily trigger the operability of this statute. (See People v Rizzo, 246 NY 334; People v Di Stefano, 38 NY2d 640.)
The Assistant District Attorney relies on People v Dlugash (41 NY2d 725). In that case, the defendant was convicted of attempted murder. The evidence clearly showed his intent to murder and his firing of several shots into the head of the victim. However, unknown to the defendant, another individual previously fired shots into the chest of the victim and there was no proof that the victim was alive before the defendant fired. This case is distinguishable from the case at bar in that a victim was present, the defendant shot the victim and there was a closer proximity to the defendant’s acts accomplishing the intended crime.
In People v Cullen (57 AD2d 903) the court held that the defendant’s plea of guilty to attempted robbery in the first degree should not have been accepted, where defendant’s statement to court did not indicate that there had been any forcible taking of property from the victim or that the defendant had used or threatened immediate use of a dangerous instrument.
*167 As can be seen from the above, the gravamen of a robbery charge under our Penal Law (§ 160.15), is the forcible taking of property, by the use of or by threatening the immediate use of a dangerous instrument.
Taking the evidence in the most favorable light to the People, as we must for this motion, the court would find the defendant clearly had the intent to rob “someone” in the office of the gas station. The court would further find the acts and conduct of the defendant were in furtherance of that intent. However, to prove his case, the Assistant District Attorney must further show that the defendant used force or threatened to use immediate force against the individual named in the indictment or some other individual. This element (force) constitutes the gravamen of the crime of robbery in the first degree. This the Assistant District Attorney has been unable to do.
Accordingly, the motion for a trial order of dismissal as to count 1, attempted robbery in the first degree, is granted.