■ The People of the State of New York, Respondent, v Lawrence P. Ciarelli, Appellant. — Judgment of the County Court, Rockland County (Gallucci, J.), rendered December 1, 1981, affirmed. No opinion. This case is remitted to the County Court, Rockland County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., O'Connor, Weinstein and Rubin, JJ., concur.

■ The People of the State of New York, Respondent, v Oscar Diaz, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Marasco, J.), rendered January 23, 1981, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, plea vacated, and matter remitted to the County Court, Westchester County, for further proceedings. The plea allocution herein was inadequate. While there is no specific formula for entry of a guilty plea (*People v Fooks,* 21 NY2d 338), in this case the defendant's notice of alibi and protestation of innocence required that the court directly inquire of defendant as to the facts of the crime. The mere factual recitation by the Assistant District Attorney and defendant's affirmative response thereto in pleading guilty was insufficient. Moreover, the court failed to apprise defendant that by pleading guilty he was waiving his privilege against self incrimination and his right of confrontation (*Boykin v Alabama,* 395 US 238). Under the circumstances and notwithstanding defendant's failure to preserve the issue for appeal (see *People v Pellegrino,* 60 NY2d 636; *People v Warren,* 47 NY2d 740; *People v Moore,* 91 AD2d 1050), upon review in the interest of justice, we find that the allocution was insufficient to sustain a finding that defendant's plea was entered knowingly and voluntarily (CPL 470.15, subd 3; *People v Cepeda,* 88 AD2d 980). Bracken, J. P., Brown, Niehoff and Boyers, JJ., concur.