■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RUSSELL WEDGEWOOD, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered August 25, 1983, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence.

Judgment reversed, as a matter of discretion in the interest of justice, plea vacated, and case remitted to the County Court, Suffolk County, for further proceedings on the indictment.

Defendant was initially charged with criminal possession of a weapon in the second degree. The charge stemmed from an altercation between defendant and two of his neighbors during which defendant allegedly strayed from his property with a gun visibly tucked into his waistband. He moved to dismiss the indictment on the ground that the evidence presented to the Grand Jury was insufficient to support the charge in that it revealed a legal impediment to obtaining a conviction, namely, that since the gun in question was a muzzle-loading revolver which employed a percussion cap ignition system, and was not loaded at the time of the altercation, it was to be classified an

"antique firearm" pursuant to subdivision 14 of section 265.00 of the Penal Law. Since an "antique firearm" is not a "firearm" (Penal Law, § 265.00, subd 3), and the latter is a necessary element of the crime of criminal possession of a weapon in the second degree (see Penal Law, § 265.03), defendant reasoned that he could not possibly be convicted of that crime.

In the interim, the People resubmitted the case to the Grand Jury, which returned a superseding indictment charging defendant with attempted criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and two counts of menacing. Defendant entered a plea of not guilty to all four counts.

Upon defendant's motion, the County Court dismissed count two, criminal possession of a weapon in the third degree, because "the gun in question being an antique firearm and though operational, was not loaded at the time in question".

Defendant's motion was denied with respect to the remaining three counts.

Subsequently, after some equivocation, defendant expressed a desire before the court to withdraw his previously entered plea of not guilty and instead to plead guilty to attempted criminal possession of a weapon in the third degree in full satisfaction of the remaining three counts of the indictment. Nonetheless, he insisted that the gun in question had not been loaded at the time of the altercation. During the ensuing change of plea proceeding, the following colloquy took place between the court, the Assistant District Attorney and the defendant:

"THE COURT: You will be placed under oath and have to testify as to facts sufficient to support your plea of guilty * * *

"THE DEFENDANT: Yes.

"THE COURT: Swear him in, please. (Whereupon the defendant was sworn in by the clerk of the court.)

"THE COURT: Mr. Berger or Mr. Rogers, you want to conduct the examination?

"MR. ROGERS: Mr. Wedgewood, on November 25, 1982, in [sic] Norwood Drive, Suffolk County, New Yor [sic], did you possess an Auberti Co. 44 caliber revolver bearing serial number 104564?

"THE DEFENDANT: Yes, I did. It was a reproduction on an antique.

"MR. ROGERS: You carried that weapon with you on the street that night and had it in your waistband?

"THE DEFENDANT: Yes.

"MR. ROGERS: And you realized that that weapon when properly loaded was capable of producing death or serious physical injury to another person?

"THE DEFENDANT: *No. I kept that weapon unloaded on purpose.*

"MR. BERGER [defense counsel]: Listen to the question.

"MR. ROGERS: The question is when properly loaded, that weapon was capable of producing death or serious physical injury to another person?

"THE DEFENDANT: Yes, *if* properly loaded. But it never did work right anyway * * *

"THE COURT: All right. The Court finds the allocution satisfactory.

"Mr. Wedgewood, then to the charge of attempted criminal possession of a weapon in the third degree as to Count One in satisfaction of Indictment 286-83, how do you plead?

"THE DEFENDANT: Which one is that?

"THE COURT: The one we have been talking about.

"THE DEFENDANT: Yes.

"THE COURT: You plead guilty?

"THE DEFENDANT: Yes. I will plead guilty.

"THE COURT: The plea is accepted" (emphasis supplied).

It is readily apparent that the facts recited by the defendant during the allocution did not make out the crime of attempted criminal possession of a weapon in the third degree. While attempted criminal possession of a weapon in the third degree involves the intent to possess a loaded firearm (see Penal Law, §§ 110.00, 265.02, subd [4]), defendant persistently maintained, both prior to and during the allocution, that he kept the gun in question "unloaded on purpose".

However, the mere fact that defendant's allocution did not establish the essential elements of the crime to which he pleaded guilty was not, in itself, fatal with regard to the propriety of the plea. Pursuant to a plea-bargaining arrangement, a defendant may plead guilty to a crime for which there is no factual basis since, among other possible reasons, he may wish to avoid the risk of conviction upon a trial of the more serious crime charged in the indictment (see *People v Pelchat,* 62 NY2d 97, 108; *People v Francis,* 38 NY2d 150, 155; *People v Clairborne,* 29 NY2d 950; *People v Serrano,* 15 NY2d 304, 310; *People v Griffin,* 7 NY2d 511, 515-517).

Nonetheless, where the circumstances surrounding the commission of the crime as related by the defendant do not clearly

spell out the requisite elements of said crime, the mere concomitant mouthing of the word "guilty" is not a sufficient indication that the plea is being entered knowingly and intelligently. Rather, where the defendant's story does not square with the crime to which he is pleading, the court should not, without further inquiry, accept his plea as a valid one. The court should take all necessary precautions to ensure that the defendant is aware of what he is doing (see *People v Serrano, supra,* pp 308-310; *People v Polanco,* 96 AD2d 910; *People v Cepeda,* 88 AD2d 980; *People v Daniels,* 75 AD2d 605). Manifestly, no such cautionary effort was made in the case at bar.

We have considered defendant's other contention and find it to be without merit. Lazer, J. P., Thompson, Weinstein and Eiber, JJ., concur.