■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN BUITRAGO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Groh, J.), rendered April 9, 1984, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress statements made to law enforcement officers.

Ordered that the judgment is affirmed.

The defendant's statements, as found by the hearing court, were knowingly and voluntarily made after he was given his Miranda rights (see, Miranda v Arizona, 384 US 436).

The defendant failed to raise an objection to the adequacy of his plea allocution in the court of first instance and accordingly has not preserved his claim with respect thereto for appellate review (see, People v Pellegrino, 60 NY2d 636; People v Richardson, 114 AD2d 980; People v Nicastro, 114 AD2d 979). Were we to review this issue in the interest of justice, vacatur of the plea would not be required. The defendant pleaded guilty to a lesser crime than he was charged with in the indictment, for which a factual basis is unnecessary (see, People v Clairborne, 29 NY2d 950; People v Griffin, 7 NY2d 511; People v Wedgewood, 106 AD2d 674). Further, the defendant knowingly and intelligently waived his constitutional rights in pleading guilty. The court is not required to elicit a detailed set of specific waivers prior to accepting a plea of guilty from a defendant (see, People v Harris, 61 NY2d 9, 16; People v Passley, 109 AD2d 897, 898).

Finally, the sentence imposed was not unduly harsh or excessive. The defendant received precisely the sentence he

bargained for *(see, People v Brinson,* 111 AD2d 865; *People v Towns,* 109 AD2d 764; *People v Kazepis,* 101 AD2d 816). Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.