■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM J. RISALEK, Appellant.—Crew III, J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered December 14, 1987, convicting defendant upon his plea of guilty of the crime of attempted rape in the first

degree, and (2) by permission, from an order of said court (Monserrate, J.), entered January 11, 1989, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Defendant, indicted for rape in the first degree, has been convicted upon his plea of guilty of attempted rape in the first degree for which he was sentenced to an indeterminate term of imprisonment of 5 to 15 years. Following his conviction defendant unsuccessfully moved to vacate the judgment on the grounds that it was procured by fraud and coercion and that he was denied effective assistance of counsel. On this appeal defendant asserts that the plea allocution was inadequate and that his CPL article 440 application was improperly denied.

Defendant failed to raise an objection to the adequacy of the plea allocution before County Court and has, therefore, failed to preserve that issue for our review (see, People v Lopez, 71 NY2d 662, 665). In any event, defendant pleaded guilty to a lesser crime than that with which he was charged and may not now challenge the factual basis for the plea (see, People v Pelchat, 62 NY2d 97, 108; People v Buitrago, 125 AD2d 322). Finally, it is clear that after defendant disclaimed memory of certain of the criminal events giving rise to the charge, County Court made more than sufficient inquiry to ensure that he was knowingly entering his plea (see, People v Wedgewood, 106 AD2d 674).

Defendant's CPL article 440 application was properly denied without a hearing. His allegations concerning fraud and coercion are contradicted by the transcript of the minutes of the plea allocution which clearly demonstrate that he knowingly entered his plea. Defendant's allegations that his trial counsel failed to interview witnesses who would allegedly demonstrate the involuntariness of admissions made to the police at the station house were not supported by other evidence or affidavits and, under the circumstances of this case, there was no reasonable possibility that they were true (CPL 440.30 [4] [d]). We find defendant's other contentions equally without merit.

Judgment and order affirmed. Casey, J. P., Weiss, Mercure, Crew III and Harvey, JJ., concur.