People v Velazquez-Hernandez (2021 NY Slip Op 02550)





People v Velazquez-Hernandez


2021 NY Slip Op 02550


Decided on April 28, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 28, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
BETSY BARROS
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-02730
 (Ind. No. 2031/18)

[*1]The People of the State of New York, respondent,
v
Ismain Velazquez-Hernandez, appellant.


Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Alfred Croce of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Suffolk County (Stephen Braslow, J.), rendered March 6, 2018, convicting him of driving while intoxicated (two counts), aggravated unlicensed operation of a motor vehicle in the first degree, false personation, and operating a motor vehicle without a left side mirror, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is reversed, as a matter of discretion in the interest of justice, the defendant's plea of guilty and the sentence imposed thereon are vacated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.
The defendant pleaded guilty to two counts of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, false personation, and operating a motor vehicle without a left side mirror.
"A trial court is constitutionally required to ensure that a defendant, before entering a guilty plea, has a full understanding of what the plea entails and its consequences" (People v Belliard, 20 NY3d 381, 385; see People v Colon, 151 AD3d 1915, 1918-1919). Here, under the particular circumstances of this case, the County Court failed to ensure that the defendant understood the rights he would be giving up by pleading guilty. Moreover, the court failed to ensure that the defendant "ha[d] a full understanding of what the plea connote[d] and of its consequence" (Boykin v Alabama, 395 US 238, 244; see People v Conceicao, 26 NY3d 375, 379). The court failed to inform the defendant that he would be giving up his right to a trial by jury, of the People's obligation to prove his guilt beyond a reasonable doubt, or of his right against self-incrimination.
Accordingly, notwithstanding the defendant's failure to preserve his arguments for appellate review (see People v Sirico, 135 AD3d 19, 22), upon review in the exercise of our interest of justice jurisdiction (see People v Diaz, 97 AD2d 851, 851), the defendant's plea and the sentence imposed thereon must be vacated, and the matter remitted to the County Court, Suffolk County, for further proceedings on the indictment.
RIVERA, J.P., BARROS, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court