THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES DONALDSON, Appellant.—Judgment unanimously affirmed, Simons, J., not participating. Memorandum: Defendant was charged in a 233-count indictment with a variety of crimes including forgery, grand larceny and conspiracy. He pleaded guilty to the reduced charge of attempted forgery in the second degree, a class E felony, in satisfaction of the entire indictment. The indeterminate sentence which he received had a maximum of four years and a minimum term of one and one-third years. The defendant was represented by counsel at the time of his plea. At the plea proceeding the court fully informed defendant of all the rights which he was waiving by pleading guilty. When asked to describe the activity that he was engaged in which prompted him to plead guilty, defendant stated "I attempted to give a check to someone to cash * * * a forged check to cash". In light of the circumstances defendant's plea was properly entered. The offer of the plea was based on the understanding that his plea was in full satisfaction of a 233-count indictment. "A bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed *(People v. Lynn,* 28 N Y 2d 196, 201–202; *People v. Foster,* 19 N Y 2d 150, 154; *People v. Griffin,* 7 N Y 2d 511, 515–516)." *(People v Clairborne,* 29 NY2d 950, 951.) Defendant further contends that the sentence is illegal because the crime pleaded to is an E felony and, therefore, the sentencing court could not fix a minimum term. Section 70.00 (subd 3, par [c]) of the Penal Law provides that the minimum period of imprisonment for an E felony "shall be fixed by the state board of parole", and the sentencing court had no authority to fix a minimum term. Defendant has served more than the minimum and was paroled on February 10, 1976. To send him back to be resentenced would be meaningless under the circumstances. His contention in this respect is academic. (Appeal from judgment of Erie County Court—attempted forgery, second degree.) Present—Moule, J. P., Simons, Dillon, Goldman and Witmer, JJ.