THE PEOPLE OF THE STATE OF NEW YORK ex rel. GILBERT S. ROSENTHAL, on Behalf of FRED KOLMAN, Respondent-Appellant, v LEONARD WOLFSON, as Warden of the New York Detention Facility at Riker's Island, Appellant-Respondent.

First Department, December 7, 1978

**APPEARANCES OF COUNSEL**

*Gilbert S. Rosenthal (Mark T. Smith* with him on the brief), for respondent-appellant.

*Brian Rosner* of counsel *(Robert M. Pitler* with him on the brief; *Robert M. Morgenthau, District Attorney),* for appellant-respondent.

**OPINION OF THE COURT**

Sullivan, J.

The issue presented is the scope of review by the habeas corpus court in entertaining a claim of excessive bail. In this case the bail-fixing court, after exhaustive arguments, held petitioner in remand. The habeas corpus court heard the same arguments, along with two additional facts, and set a bail of $150,000. The matter is before us on cross appeals; petitioner arguing that the bail set by the habeas corpus court is excessive, while the Warden argues that the initial denial of bail was proper and that, accordingly, the writ should not have been sustained.

Petitioner was charged with grand larceny on September 20, 1978 and remanded without bail. An indictment was filed two days later, charging him with grand larceny in the second degree, a class D felony, punishable by no more than seven years. He was arraigned on that indictment on September 25, 1978. On the question of bail, the People urged remand. They

noted that petitioner had two American passports and that he had recently returned from a visit to Europe, including Rumania, where he had been born, and where he had previously been charged with forgery of Rumanian passports and illegal transactions with regard to metals. The People pointed out that petitioner had also visited Switzerland, where he had numbered Swiss bank accounts; and that he had participated in a fraud in Jersey City in 1973, for which he had never been indicted.

The People contended that petitioner's background made him a poor bail risk, and the court apparently agreed, remanding him without bail. He was again denied bail at a rehearing on October 4, after he argued that his total assets of $25,000 had been transferred from a Swiss account to a New York City savings account held jointly with his wife. At the rehearing petitioner also claimed that he possessed a Swiss account in which there was only $100.

On October 5 petitioner sought a writ of habeas corpus on the ground that the bail-setting court had abused its discretion by denying bail. At the hearing the People urged the court to confine itself to a review of the minutes of the prior hearing. Petitioner, however, offered, and the court received, evidence not previously presented. Admitted was a communication from a Swiss bank that petitioner had an account with the Bank of Switzerland of only 72 Swiss francs. In explanation of his possession of two passports, petitioner claimed that he had been issued one passport, lost it, received a new one, and then found the lost passport. He claimed that the Federal authorities had seized both passports. The court granted the writ, after the People had argued that it could not substitute its judgment for that of the bail-fixing court.

■ An order denying bail is, of course, nonappealable. (People ex rel. Klein v Krueger, 25 NY2d 497, 499; see, also, CPL 450.10, 450.15.) But an order denying bail or setting a bail which is claimed to be excessive is nevertheless reviewable by a writ of habeas corpus (People ex rel. Shapiro v Keeper of City Prison, 290 NY 393, 399; People ex rel. Tweed v Liscomb, 60 NY 559). The inquiry should be "to whether or not the denying Court has abused its discretion by denying bail without reason or for reasons insufficient in law." (People ex rel. Shapiro v Keeper of City Prison, supra, p 399; citing 1 Bailey, Habeas Corpus, p 486.)

The power of a habeas corpus court to review a bail deter-

mination was affirmed in *People ex rel. Klein v Krueger (supra,* p 499): "the court may review the action of the denial of bail or the fixing of the amount of bail if it appears that the constitutional or statutory standards inhibiting excessive bail or the arbitrary refusal of bail are violated."

■ Clearly, the habeas corpus court in the instant case had the authority to review the earlier denial of bail. The question is whether it was proper for that court to consider matters not before the original bail-fixing court. We believe it was.

While a *de novo* determination of bail in collateral proceedings has been disapproved by the Court of Appeals *(People ex rel. Klein v Krueger, supra,* pp 501, 503), in the same case the court held that: "[t]he habeas corpus court, for constitutional reasons at the very least, may not escape the responsibility of reviewing the action of the bail-fixing court. To this extent, but only to this extent, its review is plenary. That responsibility of review is not avoided or even limited by treating the problem in terms of discretion or abuse of discretion."

■ Relevant to a determination of whether bail should be granted are "[t]he nature of the offense, probability of conviction, and severity of the sentence which may be imposed, all increasing the risk of flight or unavailability for trial" *(People ex rel. Parone v Phimister,* 29 NY2d 580, 581; see, also, CPL 510.30). At the original bail application the court was advised that defendant had Swiss bank accounts and was in possession of dual passports which would enable him to flee the country if bail were posted. Under such circumstances the court did not believe it prudent to grant bail.

The habeas corpus court was faced with a question of whether such denial deprived defendant of a constitutional right (see US Const, 8th Amdt). Its function was not to decide if it would have made the same decision on the day bail was denied, but to determine whether the denial was justified based on constitutional and statutory standards as of the date of the habeas corpus hearing.

■ Certain circumstances may militate against the granting of bail. These circumstances are not necessarily rigid, and may change. The continued imprisonment of an accused while he awaits trial is itself a constantly self-aggravating situation, which might call for a modification of the bail conditions. More significantly, the circumstances which originally worked against the granting of bail may no longer be operative. To limit the habeas corpus court to a review of only the facts

which were before the bail-fixing court is to force the habeas corpus court to ignore any change in circumstances. The net result of such a procedure would be that, in all but the most flagrant situations where bail was denied, a habeas corpus court would be merely a rubber stamp of the bail-fixing court.

Petitioner presented evidence that his passports had been seized by the Federal authorities and that his Swiss bank account contained only a few francs. The habeas corpus court was entitled to take these new facts into consideration when testing the constitutionality of the denial of bail, since they tended to lessen the risk of flight. Originally, the denial of bail might well have been proper on the facts perceived by the bail-fixing court. But when the added facts were presented, the habeas corpus court could find that the refusal to grant bail was no longer justifiable. The court did not grant the writ because the bail-fixing court abused its discretion, but rather because denial of bail at the time of the habeas corpus hearing could not be justified by constitutional standards.

In our view of this matter, we find that bail in the amount of $100,000 would be sufficient to insure petitioner's presence at future proceedings, and we would modify the bail to that extent.

Accordingly, the judgment, Supreme Court, New York County (LANG, J.), entered October 6, 1978, granting the writ of habeas corpus and setting bail at $150,000, should be modified, on the law and in the exercise of discretion, without costs and disbursements to the extent of setting bail at $100,000, and, except as thus modified, affirmed.

YESAWICH, J. (dissenting). The object of a habeas corpus court's review of a criminal court's denial of bail is not to provide reconsideration of that issue by a court of co-ordinate jurisdiction but to determine whether the criminal court's action was constitutionally insupportable. *(People ex rel. Klein v Krueger,* 25 NY2d 497, 502.) Here, on two earlier occasions bail had been denied because the criminal court had obviously determined defendant, an alleged forgerer charged with perpetrating a $240,000 theft, would flee. *(People ex rel. Weisenfeld [Cifone] v Warden,* 37 NY2d 760.) That determination should not have been overturned by the habeas court for it was warranted by reason of defendant's economic and familial ties to Europe, two American passports, a lack of identifiable employment, absence of any property ownership in this country and defendant's alleged involvement in other fraud cases

one of which is currently under investigation by Federal authorities. Moreover I question the propriety of a habeas court taking into account information that was not presented to the criminal court for consideration.

LUPIANO, J. P., EVANS and MARKEWICH, JJ., concur with SULLIVAN, J.; YESAWICH, J., dissents in an opinion.

Judgment, Supreme Court, New York County, entered on October 6, 1978, modified, on the law and in the exercise of discretion, without costs and without disbursements, to the extent of setting bail at $100,000, and, except as thus modified, affirmed.