(July 19, 1979)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN T. MCKOWN, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 6, 1978, upon a verdict convicting defendant of the crime of assault in the second degree. Joseph Ronald Monast was arrested for driving while intoxicated at approximately 4:00 A.M. on October 1, 1977 by Officers Ross and McKown of the Cohoes Police Department. According to Monast and two companions with him at the time, defendant McKown without provocation or cause, struck Monast twice with his

nightstick during the course of the arrest, breaking Monast's nose and lacerating his scalp. The police officers contended that Monast was drunk and that he assaulted the officers as he was being put into their patrol car. The police officers assert that Monast's injuries were due to a fall he suffered during the scuffle with police. Medical testimony indicated that Monast's injuries could have been caused either by a blunt instrument or by a fall. Both officers were indicted for assault. The jury chose to believe Monast and his companions, one of whom was an old friend of Monast and the other a stranger who had met Monast only hours before the incident. Because their testimony indicated that Officer McKown wielded the nightstick, he alone was convicted. Defendant's objections upon appeal are not persuasive. The record supports the trial court's determination that the codefendants made an informed decision to proceed with joint representation after pretrial inquiry (see *People v Gomberg,* 38 NY2d 307, 313-314; *People v Ostin,* 62 AD2d 1004; *People v Allini,* 60 AD2d 886, 889-901; cf. *People v Letko,* 47 NY2d 257). Both defendants attempted to discredit the testimony of the People's witnesses and relied on a mutual defense. Therefore, they were not placed in an adversarial position vis-à-vis each other (see *People v Sullivan,* 64 AD2d 533). The admission into evidence of photographs of Monast's facial lacerations and broken nose was not error. Photographic evidence should be excluded only if its sole purpose is to arouse the emotions of the jury and prejudice the defendant *(People v Pobliner,* 32 NY2d 356, 370, mot for rearg den 33 NY2d 657, cert den 416 US 905). Here, the photographs were part of the People's presentation on how Monast incurred his injuries. Furthermore, the photographs were not so inflammatory as to compel a jury verdict of guilty. Defendant's contention that the trial court severely limited a defense inquiry into a prior assault by Monast on a police officer and a prior drunk driving conviction by one of his companions is not supported by the record. These facts relating to the credibility of the People's witnesses were clearly before the jury. Any limitation placed upon defense questioning on these topics was minor and could not reasonably have affected the outcome of the case. The prosecutor's reference to defendant's suspension from the Cohoes Police Department as a result of the alleged assault, made during jury selection, was error *(People v Rosenfeld,* 11 NY2d 290; *People v Cioffi,* 1 NY2d 70). However, because this reference, which was characterized by the trial court as a slip of the tongue, did not irrevocably prejudice the defendants, as shown by the acquittal of Officer Ross, and in view of the other evidence in this case, the error must be considered harmless *(People v Crimmins,* 36 NY2d 230). The record reveals that the Trial Judge did not coerce the jury into reaching a verdict. After some 11 hours of deliberation over two days, the jury notified the court that they were at an impasse. The court told them that he did not consider the time of their deliberation extensive in view of the circumstances of the case and asked them "to return and continue your deliberation in this matter". After another two hours of deliberation, the jury reached a verdict. The Trial Judge acted properly in refusing to discharge the jury (CPL 310.60) and the direction to continue deliberations cannot be considered coercive (compare *People v Washington,* 52 AD2d 984, 986 with *People v Carter,* 40 NY2d 933). Finally, the court's imposition of an indeterminate term of imprisonment of no more than three years, where the maximum sentence was seven, is not an abuse of discretion *(People v Hochberg,* 62 AD2d 239; *People v West,* 52 AD2d 968; *People v Dittmar,* 41 AD2d 788). Judgment affirmed. Mahoney, P. J., Greenblott, Staley, Jr., and Herlihy, JJ., concur; Kane, J., not taking part.