■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE COLON, Appellant.—Application by assigned counsel for permission to withdraw as counsel based on his conclusion that there were no nonfrivolous issues to be raised on appeal, granted only to the extent of assigning alternate counsel to prosecute the appeal expeditiously. The defendant herein was indicted on two counts, murder in the second degree, and criminal possession of a weapon in the second degree. On November 14, 1977 defendant, through his counsel, withdrew his plea of not guilty and offered to plead guilty to the crime of manslaughter in the second degree, a class C felony, under the first count of the indictment to cover the indictment. Said offer was recommended by the Assistant District Attorney, accepted by the court and, on January 24, 1978, the defendant was given an indeterminate sentence from 0 to 10 years. A review of the minutes of the allocution pursuant to the said plea offer and the minutes at sentence on January 24, 1978, leads this court to conclude that there exists issues that should be considered on appeal. The defendant's plea to manslaughter in the second degree was under subdivision 1 thereof, in that "he recklessly caused the death of another person, one Israel Carion." During the plea allocution the following colloquy took place. "THE COURT: Did you in fact shoot and kill Israel Carion on that April—March 29th? THE DEFENDANT: Right. THE COURT: What? THE DEFENDANT: Yes. THE COURT: And did you know by carrying the gun and by firing at Israel Carion there was a substantial and unjustified risk that you would kill him? THE DEFENDANT: Yes—Um—[Whereupon the defendant conferred with his counsel.] MR. EDELBAUM: Defendant says, your Honor, that he did it because the deceased had a gun. THE DEFENDANT: He pulled out a gun on me. MR. EDELBAUM: But he shot him more than once, he shot him four times after he had the deceased's gun in his hand. THE DEFENDANT: In other words, he called me over to him and he started arguing with me. And he said, 'If you are a man let's go outside like you did before.' So I says, 'All right.' So I pulled the door and I says, 'you go out first,' and he says, 'No, you go out first.' And we started arguing, you know, for a while there. And I said, 'If you don't go out I ain't going to go out.' So he went back to his corner. Then he sit down in the corner with a drink and he told me—we started arguing right there. And he says he was going to kill me right there. And I told him, 'Before you kill me I will kill you.' That's what I said. And as soon as I said that he pulled out—he went like this, pulled out a shotgun, whatever it was, pulled it out, and I jumped on him, and I grabbed him by the barrel. He shot, and I got skinned over here. So I—when I got him with my gun.—the shotgun he let it go. Then I threw it on the floor and it went right under the cigarette machine. THE COURT: But you kept firing? THE DEFENDANT: Right there at the same time. THE COURT: But you kept firing though? Because there were four shots. THE DEFENDANT: Right." On January 24, 1978, the date of

sentence, the Assistant District Attorney informed the court that it had learned that defendant was under the belief that he had been threatened by the deceased and the deceased was armed. Defendant's counsel also apprised the court that witnesses he interviewed tended to confirm the fact that defendant had been warned that the deceased "was looking for a gun, and finally got a gun, and intended to use it on defendant", and that therefore defendant was claiming self-defense in this case. Nonetheless, counsel for the defense did not seek to vacate the plea because of the felonious possession of a firearm charge. The defendant on being asked by the court whether he wished to make a statement on his own behalf prior to sentence said, "No. Only thing I say is I didn't want to do it because I wanted to do it, you know. He make me do it, or else I would have been under. That's all." It would appear that the defendant having made this statement, the court should have made further inquiry on the record, or made known to the defendant that he had a right to seek to withdraw his plea of guilty and assert the defense of justification, pursuant to section 35.15 of the Penal Law, at trial. Accordingly, it appears there are issues that may be pursued on appeal by the newly assigned counsel. Concur—Birns, J. P., Sullivan, Silverman, Lynch and Carro, JJ.