■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM DU BRAY, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered April 5, 1979, convicting defendant upon his plea of guilty of the crime of robbery in the second degree. Defendant was

indicted for the crimes of robbery in the first degree (Penal Law, § 160.15, subd 4), burglary in the first degree (Penal law, § 140.30, subd 4) and grand larceny in the second degree (Penal Law, § 155.35). Following plea bargaining negotiations, defendant was allowed to enter a plea of guilty of the crime of robbery in the second degree. He was then sentenced to an indeterminate term of imprisonment with the maximum term of 10 years. This appeal ensued. It is argued by defendant that the trial court erred in accepting his plea of guilty in that a factual basis was not established for the crime of robbery in the second degree. Defendant's plea was entered in full satisfaction of the entire indictment. A factual basis for the crime confessed is unnecessary where a defendant enters a bargained guilty plea to a lesser crime *(People v Clairborne,* 29 NY2d 950, 951; *People v Donaldson,* 55 AD2d 844). In any event, it is conceded that defendant was indicted by virtue of section 20.00 of the Penal Law, which, under certain circumstances, imposes criminal liability for the conduct of another and that at the time of his plea defendant admitted setting up or arranging for the commission of the crime. On this record, we find no reason to disturb the judgment, based upon defendant's plea. It is also contended by defendant that the sentence imposed was unduly harsh and excessive. This court will not reduce a sentence unless there is a clear abuse of discretion in the imposition of the sentence *(People v West,* 52 AD2d 968; *People v Dittmar,* 41 AD2d 788). We find no such abuse of discretion in the present case and, therefore, the judgment must be affirmed *(People v McKown,* 71 AD2d 730; *People v Hochberg,* 62 AD2d 239). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Casey, JJ., concur.