THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE COLON, Appellant.

First Department, December 4, 1980

APPEARANCES OF COUNSEL

*Charles S. Lazarus* for appellant.

*Timothy McGinn* of counsel *(Mario Merola, District Attorney* attorney), for respondent.

OPINION OF THE COURT

SILVERMAN, J.

The sole issue on this appeal is whether there was such an infirmity in the plea as to require us on appeal to vacate the plea.

Defendant was indicted for the crimes of murder in the second degree and criminal possession of a weapon in the second degree. It was undisputed that he intentionally shot his victim four times causing the victim's death. A negotiated plea covering both counts of the indictment was accepted, under which defendant pleaded guilty to the crime of manslaughter in the second degree. At the time of the plea, defendant made some statements indicating that he

feared that the victim would try to kill him, and that indeed the victim had pulled out a shotgun. (Defendant admitted, however, that after he had taken the shotgun from the victim and put it out of the victim's reach, defendant kept right on firing.) Obviously this gave rise to the possibility of the defense of justification, however unpromising.

However, it appears quite clearly that that defense was considered by the defendant and that the plea was taken with full knowledge on the part of everyone of the possibility of that defense and on the decision of defendant not to risk the other possibility of the jury rejecting that defense and finding him guilty of murder. An important factor in this decision was the fact that defendant was in any event guilty of the crime of possession of a weapon, for which sentence could be seven years. Thus at the time of the plea, immediately after the defendant told his self-defense story, the court said:

"In view of the plea negotiations which were had and the understanding of counsel which [sic] submitted a memorandum and in view of the fact that in any event the defendant could have been convicted of possession of a weapon certainly—

"MR. EDELBAUM [defendant's attorney]: Yes.

"THE COURT: — possession in the third degree certainly allows a minimum sentence of, or allows the sentence rather up to seven years.

"MR. EDELBAUM: Yes.

"THE COURT: I will accept this plea."

At the time of sentence there was again discussion of the possibility of a defense of justification and his attorney said: "The problem in this case, your Honor, of course, is although the defendant claims self-defense that there was felonious possession of a firearm which is why your Honor knows there was a plea taken in this case."

There was no request to withdraw the plea in the trial court. (See *People v Pascale*, 48 NY2d 997; *People v Mitchell*, 78 AD2d 608.) Not until the appeal and our suggestion that the matter required further study and discussion by appellate counsel *(People v Colon*, 75 AD2d 771) was it argued that the plea was invalid.

This was obviously an *Alford* plea *(North Carolina v Alford,* 400 US 25) under which a defendant who disclaims guilt may still plead guilty to a lesser offense rather than risk a jury's rejection of his defense, at least where there is some factual basis for the plea. (See, also, *People v Serrano,* 15 NY2d 304, 310.) Here defendant, faced with a possible conviction for murder and a possible sentence of 25 years to life, and at best with a conviction for criminal possession of a weapon with a possible sentence of up to seven years, chose not to risk the murder conviction and to plead to the lesser offense of manslaughter, second degree, with a promise that the sentence would not exceed 12 years. (The ultimate sentence was 10 years.)

It does not matter that it was the attorney who made the explicit statements showing why the defendant was taking the plea rather than going to trial with his defense of self-defense. There is no requirement that the defendant shall himself admit to the underlying facts making out the crime. The Court of Appeals has explicitly rejected the requirement of "a uniform mandatory catechism of pleading defendants". *(People v Nixon,* 21 NY2d 338, 353.) "The competency of counsel and the degree of actual participation by counsel, as well as his opportunity for and the fact of consultation with the pleading defendant, are particularly important. Indeed, if independent and good advice in the interest of the defendant is the goal, it is more important that he consult with competent counsel than that a harried, calendar-conscious Judge be the one to perform the function in displacement of the lawyer." *(People v Nixon, supra,* at p 354.) "It should never be enough to undo a plea because of some omission in inquiry at the time of plea without a showing of prejudice." *(People v Nixon, supra,* at p 355.)

In *People v Francis* (38 NY2d 150, 155-156) the Court of Appeals said: "A plea is a bargain struck by a defendant and a prosecutor who may both be in doubt about the outcome of a trial * * * In arriving at his bargaining position, a defendant may well calculate not only uncertainties in how a court may view the facts in his case but how it may view the applicability of law as well. On such matters, Judges themselves may often be expected to differ with one another, a factor to which the parties to plea bargaining

need not be taken to be oblivious. Where the court which accepts the plea has no reason to believe that the plea is unfair or inappropriate, the bargain becomes final. Unless there was unfairness in its negotiation or acceptance, the fact that a loophole might have been available to defendant is not sufficient grounds upon which to set aside the bargain made. The defendant here has not been shown to have been victimized by inherent unfairness, nor is it evident that the court should have perceived any."

In the present case, the Trial Judge had no reason to believe that the plea was unfair or inappropriate and, therefore, the bargain became final.

Further, as is permissible in the case of a negotiated plea, the crime to which defendant pleaded did not track his true offense; and by the same token his possible true defense was irrelevant to the crime to which he pleaded. Concededly defendant intentionally shot his victim. But he pleaded guilty to manslaughter in the second degree "recklessly", i.e., unintentionally but culpably. And while self-defense may be relevant to a crime of intentional infliction of physical injury, it is logically irrelevant to a crime of unintentional infliction. Reckless conduct cannot be in self-defense.

What the Court of Appeals said in *People v Griffin* (7 NY2d 511, 515) applies here: "Here, however, appellant did not plead guilty to any count in his indictment. His plea was to a lesser crime which the court is authorized to accept on recommendation of the prosecuting officer * * * Where that occurs, the defendant does not admit the facts charged against him in the indictment. He pleads guilty to something else * * * Such a plea does not presuppose the truth of the facts pleaded in the indictment." "Only the events of time, place, and, if applicable, victim, need be the same for the crime pleaded as for the one charged". *(People v Francis*, 38 NY2d, at p 155.) "A bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed". *(People v Clairborne*, 29 NY2d 950, 951.)

In *People v Hernandez* (78 AD2d 816, 817, decided while this case was under consideration), this court said: "In *People v Serrano* (15 NY2d 304, 309), the Court of Appeals

reversed a judgment of conviction where there was an inconsistency upon the face of the record even though a post-trial motion to withdraw the plea was not made by the defendant. However, in recent cases, the Court of Appeals has stated that no error is preserved for review where the issue of inconsistency was not raised by a motion to vacate or otherwise in the court of first instance *(People v Warren, 47 NY2d 740; People v Bell, 47 NY2d 839)*. Thus, that court will no longer, as a matter of law, overturn a judgment of conviction because of a patent discrepancy between the judgment of conviction and the plea. Similarly, we shall no longer reverse, as a matter of law (CPL 470.15, subd 3, par [a]), simply because such an inconsistency is evident upon the face of the record *(People v Mitchell, 78 AD2d 608)*. We, of course, retain our power to reverse, as a matter of discretion in the interest of justice, in the appropriate case. (CPL 470.15, subd 3, par [c].)" Nothing in the present case calls for reversal as a matter of discretion in the interest of justice.

The judgment of the Supreme Court, Bronx County (J. COHEN, J.), rendered January 24, 1978, convicting defendant, on his plea of guilty, of the crime of manslaughter in the second degree (Penal Law, § 125.15) and sentencing him thereon for an indeterminate term of imprisonment of up to 10 years should be affirmed.

CARRO, J. (dissenting). I dissent for the reasons stated in our memorandum assigning alternate counsel to prosecute the appeal *(People v Colon, 75 AD2d 771)*.

While this may have been a proper case for an *"Alford* plea", that does not appear to have been the aim of the defendant. He failed to set forth all of the elements of the crime to which he pleaded or with which he was charged, while raising the possibility of a defense. There was no affirmative indication in the record that the defendant knew what he was doing and specifically desired to enter the plea, notwithstanding his possible defense, in effect waiving that defense for the purposes of the plea.

Counsel for defendant seemed motivated by the realization that a trial would, at the very least, result in a conviction for possession of the weapon. However, a concurrence

in that motivation was never made clear by the defendant himself, who seemed to be at cross purposes with his own attorney. No matter how well motivated is counsel, the ultimate decision to plead must be made by the defendant himself.

BIRNS, J. P., SULLIVAN and LYNCH, JJ., concur with SILVERMAN, J.; CARRO, J., dissents in a separate opinion.

Judgment, Supreme Court, Bronx County rendered on January 24, 1978, affirmed.