■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEE, Appellant. — Judgment reversed, plea vacated, and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: Defendant entered a plea of guilty to assault in the first degree in satisfaction of a nine-count indictment arising from a shooting incident in defendant's apartment on October 31, 1980. During the plea colloquy defendant specifically denied intentionally shooting the victims, stating rather that he shot at the door in order to frighten them. The colloquy was as follows: "but are you willing to admit to me you did shoot Louis Ingram intentionally and caused that damage to him? Are you prepared to admit that? THE DEFENDANT: It wasn't intentional; I never knew I hit him until — THE COURT: You did, however, shoot the weapon and cause that damage, is that right? THE DEFENDANT: Yes, I did. THE COURT: All right, I'll accept that then and I understand that the door was shut, or wasn't it something like that? THE DEFENDANT: The door was partly shut. There was a kid coming through and I was — I shot the shot toward the door to frighten him. I never know nobody was hit until the next day somebody tell me the guy was hit. THE COURT: You'd been drinking, too? THE DEFENDANT: Yes, I had. THE COURT: All right, I'll accept that then. How do you plead to the third count of this indictment, assault in the first degree, in violation of Section 120.10(1) of the Penal Law, assault first degree, guilty or

not guilty? THE DEFENDANT: Guilty." Additionally, defendant's statement that he had been drinking all day prior to the shooting raised a question as to his ability to form the specific intent for the crime charged. The circumstances also give rise to inquiry as to whether defendant was justified in shooting the victims who allegedly were breaking into his apartment. On defendant's appearance for sentencing, he attempted to withdraw his plea. Defense counsel reminded the court that throughout the proceedings, as well as in his statement to the police, defendant had insisted that he had not injured Ingram intentionally but had been attempting to prevent him from breaking into his apartment. On defense counsel's request to review the plea minutes, the court responded: "THE COURT: The plea hasn't been very long ago, and I recall the plea. I don't see any problem with it. I think you'll have to do that up in the Appellate Division." Defendant then informed the court that Ingram had threatened him, had drawn a knife on him, had injured other fellows seriously enough that they had to go to a doctor, that Ingram "karated" his door and was kicking it down and "I was shooting down and during the process he got him and I never know neither one of them was hit". With respect to the assault on Ingram's companion, Victor Sessions, defendant stated as follows: "I done shot it over the thing because I was frightened. I really was frightened. I shot over and the fragment hit the telephone booth and that's how this guy got a couple of fragments in his head." Inasmuch as defendant did not admit an essential element of the crime charged and presented additional facts inconsistent with a finding of guilt, the court should have inquired further into the circumstances and details of the crime. When a court accepts a plea of guilt "the requisite elements should appear from the defendant's own recital and, if the circumstances of the commission of the crime as related by the defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one" (*People v Serrano,* 15 NY2d 304, 308). At the very least the court should have advised the defendant his admissions were not consistent with a charge of assault in the first degree and "inquired further whether defendant nevertheless wished to plead guilty to avoid the risk of a jury verdict (see *North Carolina v Alford,* 400 US 25)" (*People v Bellis,* 78 AD2d 1014). All concur, except Hancock, Jr., J. P., and Moule, J., who dissent and vote to affirm, in the following memorandum.

Hancock, Jr., J. P., and Moule, J. (dissenting). We would affirm. Defendant pleaded guilty to one count of assault, first degree (Penal Law, § 120.10, subd 1), arising from the shooting of Louis Ingram, as part of a plea bargain in which he received a sentence of one and one-half to four and one-half years and dismissal of all other counts of a nine-count indictment, including two charges of attempted murder, second degree. In the colloquy at the motion to withdraw, defense counsel made specific reference to defendant's two written confessions which the court, in a ruling not questioned on appeal, had found after a *Huntley* hearing to be voluntary and admissible. Defense counsel relied on these confessions, of which court and counsel had clearly been aware at the taking of the plea, as supporting his assertion, adopted by the majority, that defendant "throughout his * * * confessions" and statements to the police and court consistently maintained that he "never intended to cause any injury." This position is clearly refuted by the first of these two confessions in which defendant stated that as the two victims, Ingram and Victor Sessions, were attempting to break into his apartment he "shot down through the door so it would *hit their legs* and not kill anybody" (emphasis added). The shot penetrated the door above the doorknob, causing serious abdominal injuries to Ingram. At the time of the guilty plea, following the court's ruling on the

*Huntley* hearing, defendant again admitted on the record that, with the knowledge that two people were on the other side of the door, he shot at it at close range. We would hold that under these circumstances the court, when the plea was entered, had before it sufficient evidence to support all the elements of assault, first degree (Penal Law, § 120.10, subd 1), including intention to cause serious injury. We note also that in a second written confession (referring to the shooting of Sessions which formed the basis for one attempted murder charge and other counts which were withdrawn as part of the plea bargain), defendant admitted that after Ingram and Sessions left the building he "went out on the porch and shot at the phone booth [where Sessions was placing a call] to scare him away," causing a head wound to Sessions. At the time of the motion to withdraw the plea he again admitted shooting and injuring Sessions from his porch. Even accepting, for the sake of argument, the majority's finding that defendant's statements fail to establish the factual basis for a finding of intention to cause serious physical injury, we would affirm. The court properly exercised its discretion in accepting this plea (see *People v Nixon,* 21 NY2d 338, cert den *sub nom. Robinson v New York,* 393 US 1067). It made adequate inquiry, given the circumstances of the case, to ensure that defendant was "aware of what he [was] doing" in making the plea (*People v Serrano,* 15 NY2d 304, 310; see *People v Colon,* 77 AD2d 370; cf. *People v Bellis,* 78 AD2d 1014; *People v Broach,* 72 AD2d 748). The court, which stated that it had discussed the matter with the defense attorney on many occasions and was mindful of defendant's two confessions admitted at the *Huntley* hearing, noted that "there were extenuating circumstances in the case" and, emphasizing the gravity of the charges, ascertained that defendant's motive in pleading guilty was the fear of a conviction and a substantially longer sentence. Moreover, it has been held that "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" (see *People v Clairborne,* 29 NY2d 950, 951, quoted in *People v Kazmarick,* 52 NY2d 322, 326; *People v Colon, supra,* p 373; *People v Du Bray,* 76 AD2d 976). (Appeal from judgment of Onondaga County Court, Cunningham, J. — assault, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Moule, JJ.