■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. DONALD G. SMITH, Appellant, v HAROLD J. SMITH, as Superintendent of Attica Correctional Facility, Respondent. — Appeal unanimously dismissed. An order denying bail in a habeas corpus proceeding is not appealable (see *People ex rel. Rosenthal v Wolfson,* 65 AD2d 113, revd on other grounds 48 NY2d 230). (Appeal from order of Supreme Court, Wyoming County, Conable, J. — habeas corpus.) Present — Dillon, P. J., Callahan, Denman, Moule and Schnepp, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD AMERSON, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal defendant urges that the court erred in accepting his plea of guilty to manslaughter, first degree (Penal Law, § 125.20, subd 1 [causing death while intending to cause serious physical injury]), in satisfaction of an indictment charging two counts of murder, second degree (Penal Law, § 125.25, subds 1 [intentional murder], 3 [felony murder]), and numerous lesser crimes arising out of an attempted bank robbery in which a security guard was shot and killed by a codefendant. At the plea taking, defendant admitted his participation in the planning and attempted execution of the robbery and his knowledge that two of his accomplices were armed although he was not. He denied, however, intending to cause serious physical injury or death to the guard. Because of his denial, defendant urges, his recitation of the facts lacks a requisite element of manslaughter, first degree (Penal Law, § 125.20, subd 1), and thus the court committed reversible error in proceeding to accept the plea thereto without further inquiry (*People v Lee,* 90 AD2d 960). This case, however, is distinguishable from *Lee* because here defendant's admissions do support a finding of guilt of one of the higher crimes charged — viz., felony murder — which was satisfied by the plea. Moreover, it has been held that "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" (see *People v Clairborne,* 29 NY2d 950, 951, quoted in *People v Kazmarick,* 52 NY2d 322, 326; *People v Colon,* 77 AD2d 370; *People v Du Bray,* 76 AD2d 976). (Appeal from judgment of Supreme Court, Erie County, Marshall, J. — manslaughter, first degree.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.

■ LOCAL 264, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO et al., Petitioners, v BUFFALO MUNICIPAL HOUSING AUTHORITY, Respondent. — Proceeding unanimously dismissed, without costs upon stipulation. (Article 78 proceeding transferred by order of Supreme Court, Erie County, Ricotta, J.) Present — Hancock, Jr., J. P., Callahan, Doerr, Denman and Boomer, JJ.