(March 24, 1983)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD H. FURR, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 25, 1980, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree. Defendant contends that due to his attorney's joint representation of him and his brother during the arraignment and initial plea proceedings,

defendant was deprived of the effective assistance of counsel. We disagree. The record reveals that at the arraignment, and again in greater detail at the initial plea proceeding, the court advised defendant of the potential conflict inherent in counsel's joint representation. In our view, the court's admonition was sufficient to establish that defendant's right to effective assistance of counsel was adequately safeguarded (see *People v Macerola,* 47 NY2d 257, 263). Moreover, counsel advised the court that he and defendant, who was then in college, had discussed at length the possibility of a conflict arising out of joint representation. Next, defendant contends that the court erred in accepting his plea. Our review of the record reveals that the plea was voluntarily made, and that defendant was well aware of what he was doing when he entered the plea. Unlike *People v Serrano* (15 NY2d 304), upon which defendant relies, defendant's statements did not cast serious doubt upon the existence of the intent element of the crime to which he was pleading. On the contrary, the requisite intent can readily be inferred from defendant's admissions during the plea. Judgment affirmed. Mahoney, P. J., Sweeney, Casey, Weiss and Levine, JJ., concur.