■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MILO CLARK, Respondent. — Judgment of resentence of the Supreme Court, New York County (B. Roberts, J.), rendered on January 4, 1982, resentencing defendant to a term of 2 to 6 years, upon his conviction, after a jury trial, of robbery in the first degree, is unanimously reversed, on the law, the sentence vacated, and the original sentence of 6 to 12 years reinstated. Following a jury trial, defendant was convicted on August 5, 1981 of robbery in the first degree. The People subsequently filed a predicate felony information against him, alleging that he had pleaded guilty in New York County on November 16, 1979 to attempted robbery in the second degree. Defendant moved to controvert the predicate felony information, which was denied on November 20, 1981, and he was sentenced to a term of from 6 to 12 years' imprisonment. On January 4, 1982, defendant moved to reargue. The court granted the motion to reargue and then granted the motion to controvert, resentencing the defendant to a term of 2 to 6 years. On appeal, the People challenge the court's ruling granting the motion to controvert the predicate felony information and the resentence of the defendant. The prior case involved a plea of guilty to attempted robbery in the second degree pursuant to an indictment charging him with robbery in the second degree. At the plea proceeding, defendant was represented by counsel. Also present was his attorney in a separate Criminal Court matter. Defendant conferred with both lawyers before entering his guilty plea. In pertinent part, the following colloquy occurred: "THE COURT: You know you are charged with a robbery in the second degree. If you plead guilty you are giving up your right to have a trial of that charge, to tell any kind of story you want to tell to the Jury, to hear the complainant, any other witnesses that are called, and give up any chance that a Jury might acquit you, even if you are guilty; you understand that this is the last shot you get at a trial; you understand that? THE DEFENDANT: Yes, sir. THE COURT: Now, tell me what you did that you are pleading guilty of? THE DEFENDANT: I'm pleading guilty to the fact that I knew what was going to happen on that day of the robbery. THE COURT: Did you help him? THE DEFENDANT: No, sir. THE COURT: All right; that's it. All right, get it ready for trial then. MR. SNYDER: Judge, may I have a second? He might not have understood the question. THE COURT: It was a simple question. You knew there was a robbery going on. Did you help the other two fellows do it? Don't tell me it is so if it is not. MR. SNYDER: Judge, he had a little misunderstanding. THE COURT: Just tell me what your part in this robbery? THE DEFENDANT: More or less: Like a lookout. THE COURT: Before it happened, did the other fellows tell you to act as the lookout? THE DEFENDANT: Yes. THE COURT: And that is what your job was? THE DEFENDANT: Yes, sir. THE COURT: Did you know that they were going to rob a man at that stand? THE DEFENDANT: Yes, sir. THE COURT: I told Mr. Snyder and I am telling you that you do not have much of a record. You are in a couple of weeks now. You are going to get probation in this case, but you are pleading to a felony. That means, in this State if you get in trouble again, the next time you get a stiffer sentence. You are pleading guilty to a violent felony, so if you get convicted of a felony or a violent felony any time in the next 10 years in this State you get an automatic State Prison sentence, and you get a stiffer sentence because you took a plea in this case. You understand that? THE DEFENDANT: Yes, sir." In the case before us, the court examined the foregoing minutes, noting that the defendant had been only 20 years old at the time of the earlier conviction, that

he had been incarcerated when he pleaded guilty and was promised probation if he agreed to the plea. The court also observed that the defendant's attorney might not have been aware of the severe consequences which could result from a subsequent conviction. According to the court, the defendant had never stated that he intended to commit a robbery and described defendant's assertion of guilt as equivocal. The court concluded that because the court in the first case had not explored the meaning of the words "more or less * * * a lookout", defendant's plea was not a "true and voluntary acknowledgement of guilt", and, therefore, the defendant could not be sentenced as a second felony offender. Thus, the court granted the motion to controvert and resentenced the defendant. In *People v Nixon* (21 NY2d 338, 353), the Court of Appeals declared that "it is highly doubtful that a uniform mandatory catechism of pleading defendants should be required." In addition, it is not necessary that a Judge "conduct a *pro forma* inquisition in each case on the off-chance that a defendant who is adequately represented by counsel and who admits the underlying facts may nevertheless not know what he is doing. Something must trigger the inquiry." (*People v Francis,* 38 NY2d 150, 154; see, also, *People v Colon,* 77 AD2d 370.) Here, a review of the transcript of defendant's 1979 plea reveals that he not only made a knowing and voluntary decision to plead guilty, but that he provided a sufficient factual basis to support the plea. He had the benefit of not one, but two counsel. The plea bargain was an extremely favorable one, since, if convicted on the original charges, the defendant could have received a sentence of from 5 to 15 years. In fact, the mandatory minimum for the crime of which he was accused would have been 1½ to 4½ years. The court informed defendant that by pleading guilty he was relinquishing his right to a jury trial, to tell his story to the jury and to hear the complainant and other witnesses. It also advised him of the consequences of another felony conviction within the next 10 years. Under these circumstances, the court in the present case improperly granted the motion to controvert. Concur — Kupferman, J. P., Sullivan, Silverman, Bloom and Milonas, JJ.