■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH SHARER, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 30, 1983, convicting defendant, upon his plea of guilty, of the crime of robbery in the second degree.

Defendant was charged with two counts of robbery in the second degree. These charges arose from the events of June 24, 1983 at 2:50 A.M. in the City of Albany, when he and an accomplice assaulted one Allen Day and stole his wallet. Following plea bargaining negotiations, defendant pleaded guilty to one count of second degree robbery and was sentenced to a term of 2 to 7 years' imprisonment.

On this appeal, defendant contends that the trial court erred in accepting his guilty plea because his statements at the plea hearing do not constitute an adequate basis therefor. We disagree. A review of the transcript of the plea hearing discloses that defendant initially admitted only to striking the victim, but · denied robbing him. At that point, the court refused to accept the plea. However, following an off-the-record consultation with his attorney, defendant admitted that he not only struck the victim, but that he then helped his accomplice pat the victim down and that they both robbed him, with his accomplice getting ultimate possession of the victim's wallet. Following this statement, the court accepted the plea.

It is clear from the above that the trial court had a sufficient factual basis upon which to base its acceptance of defendant's plea and so was under no obligation to advise or question defendant further (see *People v Francis,* 38 NY2d 150; cf. *People v Serrano,* 15 NY2d 304; *People v Corrado,* 65 AD2d 760). Defendant's initial hesitancy in admitting his guilt does not undermine the validity of his ultimate admission of guilt of the crime to which he was pleading. The fact that defendant was actively represented by competent counsel with whom he conferred throughout these proceedings further buttresses this conclusion (see *People v Nixon,* 21 NY2d 338, 354, cert den *sub nom. Robinson v New York,* 393 US 1067).

We are also unpersuaded by defendant's contention that his sentence of 2 to 7 years was harsh and excessive, given his age of 17 years at the time of sentencing. First, the sentence was

within the scope of the negotiated plea bargain and the statutory guidelines (see *People v Kelsch,* 96 AD2d 677, 679). Secondly, the sentence was justified by defendant's record, which disclosed 10 prior appearances by defendant before Family Court on various charges, including assault and burglary. Accordingly, defendant has failed to present any evidence that the court abused its discretion in sentencing him (see *People v Du Bray,* 76 AD2d 976, 977).

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.