■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CATHERINE PRICE, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered July 27, 1983, convicting defendant upon her plea of guilty of the crime of attempted murder in the second degree.

The trial testimony revealed that defendant conspired with four other people to set fire to a house located on Broadway in the City of Watervliet. The house belonged to the Fantasi family whose children had become enemies of defendant's niece. The

conflict had escalated to include the adults of both families. The codefendants planned the arson of the Fantasi house with defendant at her home and made two Molotov cocktails from materials which they found there. On March 9, 1983, they proceeded to Broadway where they mistakenly set fire to the house adjacent to the Fantasi house. As a result, 16-month-old Robert Homsey, Jr., died of smoke inhalation.

Defendant was charged with murder in the second degree, arson in the first and second degree, and conspiracy in the second degree. After her trial had started and following plea bargaining negotiations, defendant pleaded guilty to the crime of attempted murder in the second degree and was sentenced as a violent felony offender to a term of 6⅔ to 20 years' imprisonment.

On this appeal, defendant's sole contention is that her guilty plea was improperly accepted by the trial court and should be vacated. Initially, it should be noted that the colloquy between defendant and the court before her plea was accepted was both extended and detailed. The court informed her of the rights she was waiving by her plea and set forth the terms of the plea bargain. It also elicited from defendant statements that she understood the terms of the plea bargain, that her plea was entered voluntarily, and that she was, in fact, guilty of the crime to which she was pleading. Further, defendant herself related to the court the details of her having conspired with her codefendants to set fire to the Fantasi house, and she recounted that after the fire had been set, she picked up the codefendants in her car and took them to her house so they could avoid walking past the police and fire fighters at the scene of the arson.

Despite the thorough nature of defendant's guilty plea, she now argues that the trial court erred in accepting it because it did not contain the requisite element of intent. This contention is meritless. It has been held that "[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed" (*People v Clairborne,* 29 NY2d 950, 951; accord *People v Du Bray,* 76 AD2d 976, 977). Further, the element of intent can readily be inferred from the admissions made by defendant during her plea (see *People v Furr,* 92 AD2d 1031).

We are similarly unpersuaded by defendant's contention that her plea was the result of inadequate consultation with her attorney. The record is replete with statements by her defense counsel that he and defendant had conferred frequently and fully regarding her defense and had jointly arrived at the decision to accept the plea bargain. Further, defendant at no

time expressed to the trial court a dissatisfaction with her attorney (see *People v Dowd,* 56 AD2d 685, 686).

We also reject defendant's allegation that her plea was the result of duress engendered by her desire to serve a minimal sentence so she could be with her child. Obviously, pre-existing circumstances of defendant's personal life cannot be invoked to undermine the voluntary nature of her plea (cf. *People v Flowers,* 30 NY2d 315). Her motive in accepting the plea bargain was one common to all defendants — a desire to serve as short a prison term as possible. Further, the record contains numerous statements by defendant that she entered her plea knowingly and voluntarily. Accordingly, there is no ground presented here upon which to base a finding that the trial court abused its discretion in accepting defendant's plea (see *People v Nixon,* 21 NY2d 338, 353-354, cert den *sub nom. Robinson v New York,* 393 US 1067).

Judgment affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.