THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES R. ROBERTS, Appellant.—Judgment reversed, on the law and facts, plea vacated, and defendant remanded to Orleans County Court for further proceedings on the indictment. Memorandum: A person is guilty of criminal possession of a forged instrument in the second degree only if he had knowledge that the instrument was forged (Penal Law § 170.25; *People v Johnson*, 65 NY2d 556, 560; *People v Green*, 53 NY2d 651). During the plea allocution, defendant did not admit that he knew the prescription for Dilaudid he possessed was forged, but, rather, insisted that when he obtained it from another individual it was fully filled out and he did not know who filled it out. Because the element of knowledge was not readily inferred from the defendant's recitation of the circumstances, the court erred in accepting his plea *(People v Serrano,* 15 NY2d 304; *People v Lee,* 90 AD2d 960). In light of this determination, it is not necessary to reach the other issues raised by defendant.

All concur, except Hancock, Jr., J. P., and Pine, J., who dissent and vote to affirm in the following memorandum.

Hancock, Jr., J. P., and Pine, J. (dissenting). We respectfully dissent. During the plea colloquy defendant made admissions from which it can be readily inferred that he knew the instrument was forged *(see, People v Price,* 105 AD2d 557, 558; *People v Furr,* 92 AD2d 1031, 1032). We note that the first name of the doctor under whose name the prescription was uttered was misspelled and that defendant conceded that the prescription was not made out for the person from whom he obtained it. In our opinion, under all of the circumstances, there was a sufficient showing of guilty knowledge *(see, People v Johnson,* 65 NY2d 556, 561) for proper acceptance of the plea *(see, People v Harris,* 61 NY2d 9; *People v Price, supra; People v Furr, supra).*

We note further that the basis for defendant's motion to withdraw his plea was not the inadequacy of the plea colloquy but that at the time of the plea taking "he was under the influence of certain drugs" a contention which the court properly rejected. (Appeal from judgment of Orleans County Court, Miles, J.—criminal possession of forged instrument, second degree.) Present—Hancock, Jr., J. P., Callahan, Doerr, Pine and Schnepp, JJ.