(November 27, 1985)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERTO BENTON, Appellant.—Main, J. Appeal from a judgment of the County Court of Sullivan County (Scheinman, J.), rendered March 2, 1983, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

Defendant contends that his judgment of conviction should be reversed and the indictment against him dismissed because the actual currency that passed from a police informant to

defendant in exchange for a quantity of cocaine was not preserved for trial. This argument lacks merit. We note first that a defendant can be found guilty of criminal sale of a controlled substance even where no money has been given to him in exchange for the substance, since Penal Law § 220.00 (1) defines such a sale as including, *inter alia,* an exchange or gift. Thus, strictly speaking, it was not necessary for the People to introduce into evidence the money used in the transaction in order to convict defendant. Moreover, the People here did introduce into evidence photocopies of the money in question as well as testimony regarding the possession by defendant of that very currency following the transaction.

We likewise reject defendant's contention that the prison sentence imposed upon him of 4 to 12 years was harsh and excessive. The sentence was within the statutory limits and there is no evidence that the sentencing court abused its discretion *(see, People v Du Bray,* 76 AD2d 976, 977). We have considered defendant's remaining contentions and find them to be lacking in merit.

Judgment affirmed. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.