■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. LA VOIE, Appellant.—Harris, J. Appeal from a judgment of the County Court of Fulton County (Lomanto, J.), rendered July 24, 1984, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the fourth degree.

The issue on appeal is whether defendant's plea of guilty should be set aside on the ground that it was not voluntarily and intelligently entered into by him. Defendant asserts that the terms of the plea bargain were not made clear to him and that he was under duress at the time he pleaded guilty. Defendant's plea of guilty to criminal sale of a controlled substance in the fourth degree was made in full satisfaction of the numerous charges pending against him.

It is well established that a defendant must have knowledge and understanding of the consequences of his plea and that a plea may be vacated if it was coerced or the defendant's knowledge of the consequences was not adequately explored (Matter of Chaipis v State Liq. Auth., 44 NY2d 57, 63-64; see, People v Harris, 61 NY2d 9, 17). Defendant asserts that at the time he agreed to the plea arrangement it was not clear whether the charges pending against him in Schenectady County were covered by the plea. However, in response to defendant's inquiry about the Schenectady County charges, County Court clarified any doubts by unequivocally responding "yes, they are dropped". Further, defendant has not alleged that he has been prosecuted on those charges and, thus, even assuming there was an ambiguity, defendant has not shown that he was prejudiced by it.

Defendant's argument that he was coerced to accept the plea is apparently based on his contention that County Court set his bail excessively high which prevented him from visiting his terminally ill mother. This argument is belied by the fact that the record is devoid of any evidence indicating that the court was aware of the condition of defendant's mother prior to the time defendant accepted the plea agreement. Indeed, there is every indication that defendant had made

tentative arrangements to meet bail by the time his plea was entered. He could have thus refrained from entering his guilty plea and proceeded with a bail application. Upon review of the record, and particularly the plea colloquy, it is evident that defendant knowingly and voluntarily entered into the plea agreement *(see, People v Price,* 105 AD2d 557, 559).

Judgment affirmed. Mahoney, P. J., Kane, Weiss, Mikoll and Harvey, JJ., concur.