THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HOLLY GATES, Appellant

At a competency hearing, two psychiatrists testified that defendant was incompetent to stand trial as a result of her limited intellectual functioning. Defendant was illiterate, had been institutionalized in a variety of mental health institutions throughout her life, and her last IQ score, achieved 10 years prior to this incident, was 72, which indicates "borderline" intellectual ability. One psychiatrist, although agreeing that defendant was functioning at a borderline level, opined that she was competent to stand trial. The court found defendant to be competent.

Defense counsel moved to be relieved of his representation of defendant, affirming to the court that despite the court's finding of competency, defendant was completely unable to discuss the case with him, had no concept of her legal options and was unable to take part in her defense. Counsel asked the court to order further psychological evaluations of defendant's competency. The court denied defense counsel's motion.

At the conclusion of the first day of trial, defense counsel informed the court that defendant had decided to enter a plea

of guilty to reckless manslaughter, the highest count of the indictment, in exchange for an agreed-upon sentence of 4 to 12 years. Defendant was sworn, but was unable to answer the court's simplest questions concerning how far she had gone in school and the state of her health. When the court asked what she had done to bring these charges about, she stated that the baby was choking, so she "picked him up and shook him and his head hit the crib". At her lawyer's prompting, she said her conduct was "reckless".

In our view, defendant's recitation of the facts does not support a conviction for reckless manslaughter, which requires awareness of a substantial and unjustifiable risk and a "conscious * * * disregard" of that risk (Penal Law § 15.05 [3]). Her description of the events fails to indicate that she had a true awareness of the risk of injury to the baby and consciously disregarded that risk. Her admissions were only that the injuries were inflicted accidentally.

"When a court accepts a plea of guilt 'the requisite elements should appear from defendant's own recital and, if the circumstances of the commission of the crime as related by defendant do not clearly spell out the crime to which the plea is offered, then, the court should not proceed, without further inquiry, to accept the guilty plea as a valid one' " (People v Lee, 90 AD2d 960, 961, quoting People v Serrano, 15 NY2d 304, 308; see also, People v Sobczak, 105 AD2d 1053). This is particularly true in this case where the court was aware of defendant's extremely limited intellectual capacity (see, People v Harris, 61 NY2d 9, 16). When faced with defendant's version of the critical events, the court had the obligation, at the very least, to inform defendant that her admissions were not consistent with a charge of reckless manslaughter and to inquire whether defendant, knowing this, still wished to enter a plea (People v Lee, supra, at 961). Because this was not done, defendant's plea of guilty must be vacated. (Appeal from judgment of Jefferson County Court, Aylward, J.—manslaughter, second degree.) Present—Doerr, J. P., Boomer, Green, Balio and Lawton, JJ.