THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v COLE COLEMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Schwartzwald, J.), rendered July 14, 1983, convicting him of manslaughter in the first degree, upon his plea of guilty, and sentencing him, as a second felony offender, to an indeterminate term of 10 to 20 years' imprisonment.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for a hearing and new determination as to whether the defendant is a second felony offender, and for resentencing.

The defendant pleaded guilty to one count of manslaughter in the first degree in satisfaction of an indictment which charged him with intentional murder, felony murder, and several other, lesser crimes. The defendant admitted that he and the accomplice intended to rob the victim, Vernon Green. The accomplice announced the robbery and demanded money. The defendant had a rifle in his hand and was a partner in the robbery. During the course of the robbery, the accomplice shot the victim, who died.

We find that the plea allocution was proper, as it was sufficient to establish the elements necessary to sustain a conviction of felony murder *(see, People v White,* 134 AD2d

385). Moreover, "it has been held that '[a] bargained guilty plea to a lesser crime makes unnecessary a factual basis for the particular crime confessed' (see, *People v Clairborne*, 29 NY2d 950, 951, quoted in *People v Kazmarick*, 52 NY2d 322, 326; *People v Colon*, 77 AD2d 370; *People v Du Bray*, 76 AD2d 976)" *(People v Amerson*, 91 AD2d 1204).

However, we find that the court improperly adjudicated the defendant to be a second felony offender. The court read the minutes of the defendant's guilty plea to a prior felony into the record. However, it does not appear that those minutes complied with the requirements of CPLR 4540 (a) and (b). Further, no attestation or certification of other documents relied upon by the court was ever shown *(see, People v Allah,* 66 AD2d 665). The People, however, should have the opportunity to overcome the technical shortcomings of such proof at a new hearing *(see, People v Hines,* 90 AD2d 621; *People v Gonzalez,* 64 AD2d 534; *People v Dugas,* 35 AD2d 732). Mollen, P. J., Brown, Kunzeman and Eiber, JJ., concur.