OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant Roger Reagan is president of Westar Mechanical, Inc., a general contractor hired to install a water and sewer line on property located in the City of Middletown. Westar hired subcontractor 5L Enterprises to excavate the trench where the pipes would be installed. During the excavation, crews from both companies unexpectedly discovered a six-inch, pressurized water pipe, which was not noted on any map or
 
 *806
 
 marked on the pavement. The pipe cut across the trench, and then ran parallel to the path where the sewer and water lines were to be placed. Defendant immediately halted all work and conferred with the City plumbing inspector familiar with the prevalent safety practices at City excavation sites. Subsequently, and in the inspector’s presence, Reagan instructed the workers to resume the excavation, but told them to take certain precautions by moving the trench several inches away from the pipe. In addition, workers hand-dug every few feet to ensure that the pipe was not disturbed during the excavation. The work continued without incident until the trench wall suddenly collapsed and the water pipe burst. Two workers were trapped in the trench and ultimately drowned.
 

 A Grand Jury indicted defendants Reagan and Westar for manslaughter in the second degree, and all three defendants were indicted for criminally negligent homicide and for reckless endangerment in the second degree. By separate motions, defendants moved to dismiss the charges on legal insufficiency grounds (CPL 210.20 [1] [b]). After inspecting the Grand Jury minutes, the trial court dismissed the manslaughter and reckless endangerment counts, and upheld the remaining counts. The Appellate Division, with two Justices dissenting, affirmed, holding that the evidence was legally insufficient to establish the element of recklessness necessary to sustain the dismissed counts. The Court further held that the proof was insufficient to establish the foreseeability of the victims’ drowning deaths. We agree.
 

 Viewing the evidence in the light most favorable to the People, we conclude that nothing in the proof presented to the Grand Jury suggests that defendants “consciously disregard [ed] a substantial and unjustifiable risk” of death or serious physical injury sufficient to sustain a charge that they were “reckless” (Penal Law § 15.05 [3];
 
 see,
 
 Penal Law § 125.15 [1]; § 120.20;
 
 People v Montanez,
 
 41 NY2d 53, 56). Reagan consulted with a City plumbing inspector before proceeding with the excavation and, upon resuming the work, cautioned the workers to avoid the pipe by moving the trench as far away from it as conditions permitted. The workers also frequently checked the location of the pipe. Thus, defendants did not disregard a risk. On the contrary, they took steps to avert it. Furthermore, the workers’ deaths were an unforeseeable consequence of defendants’ conduct
 
 (see, People v Warner-Lambert Co.,
 
 51 NY2d 295).
 

 
 *807
 
 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur; Judge Rosenblatt taking no part.
 

 Order affirmed in a memorandum.