■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MAUREEN FLOWERS, Respondent. [28 NYS3d 910]—

Appeal by the People from so much of an order of the County Court, Westchester County (Zambelli, J.), entered November 22, 2013, as granted those branches of the defendant's omnibus motion which were to dismiss counts one and three of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is affirmed insofar as appealed from.

As alleged in an indictment filed against the defendant, while employed as a certified nurse aide at a residential health care facility, the defendant improperly utilized a lifting device in an attempt to transfer a resident from a bed to a chair. The resident fell to the floor and sustained injuries that resulted in her death. Count one of the indictment charged the defendant with manslaughter in the second degree in violation of Penal Law § 125.15 (1), and count three charged her with endangering the welfare of a vulnerable elderly person, or an incompetent or physically disabled person in the first degree in violation of Penal Law § 260.34 (2).

In assessing the sufficiency of the evidence before the grand jury, a court must evaluate " 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction' " (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]). " 'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]).

Both the first and third counts of the indictment required proof that the defendant acted recklessly in connection with the incident from which the charges arise (*see* Penal Law §§ 125.15 [1]; 260.34 [2]). A person acts recklessly "with respect to a result or to a circumstance described by a statute defining an offense when he [or she] is aware of and consciously disregards a substantial and unjustifiable risk that such result will occur or that such circumstance exists," and the risk is "of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation" (Penal Law § 15.05 [3]).

As the County Court correctly found, the grand jury evidence was not legally sufficient to establish that the defendant acted recklessly (*see People v Reagan*, 94 NY2d 804, 806 [1999]; *see also People v Raymond*, 56 AD3d 1306 [2008]; *People v Gates*, 140 AD2d 994, 995 [1988]; *cf. People v Sanford*, 24 AD3d 572, 573-574 [2005]; *People v Simon*, 157 AD2d 508, 512-513 [1990]). Accordingly, the County Court properly dismissed counts one and three of the indictment. Mastro, J.P., Dickerson, Hall and Sgroi, JJ., concur.